LINWOOD COMPANY, PROSECUTOR, v. BOARD OF ADJUST-
MENT OF THE TOWN OF BLOOMFIELD, RESPONDENT.

Submitted October 14, 1927—Decided June 19, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Isadore H. Colton.*

For the respondent, *Raymond F. Davis.*

PER CURIAM.

This is a zoning case. It is before this court on a writ of
*certiorari* allowed to review the decision of the board of ad-
justment of the town of Bloomfield. The prosecutor is the
owner of a tract of land located on the northeast corner of
Morse avenue and Carteret street, in the town of Bloomfield.
The tract is sixty-six feet wide and one hundred and fifteen
feet in depth. The prosecutor desires to erect a modern fire-
proof building containing seven stores. It had plans and
specifications prepared by a licensed architect. These plans
and specifications were filed with the building inspector and
the legal fees were, tendered for a building permit. The
building inspector refused to issue the permit on the sole and
only ground that the lands of the prosecutor were located,
under a zoning ordinance enacted by the town in "A" dis-
trict. Under the restrictions in the zoning ordinance no
building could be erected in this district which was intended
to be used for store purposes. Upon the refusal of the build-
ing inspector to issue the permit the prosecutor filed an appeal
to the board of adjustment. A hearing was had on this ap-
peal. There was no legal testimony taken at this hearing. A

number of residents in the neighborhood of the proposed stores objected to the location thereof in that location. They gave various reasons which they urged as a basis for their objections. The board, upon consideration, refused to grant a permit to the prosecutor. Thereupon the prosecutor applied for and obtained this writ of *certiorari* under which the case is presented to us.

In the opinion filed on May 14th, 1928, by this court in the case of Koplin *v.* Village of South Orange et al., the constitutional amendment respecting zoning and the statute passed by the 1928 legislature known as chapter 274 of the laws of 1928, were fully considered. In the opinion special reference is made to the retroactive effect given by the legislature in the act referred to to zoning ordinance passed by municipalities prior to the approval and ratification of the constitutional amendment on the subject of zoning. In the present case we see no testimony in the proceedings before the board of adjustment which in anywise shows the zoning ordinance in question to be unreasonable. The presumption is that ordinances of this character are reasonable. *Burg* v. *Ackerman,* 5 *N. J. Mis. R.* 96. We do not feel that we should disturb the action of a board of adjustment unless it is shown by evidence to be wrong. *Oxford Construction Co.* v. *Orange,* 4 *Id.* 515.

These views lead to the affirmance of the action of the board of adjustment of the town of Bloomfield. The writ of *certiorari* will be dismissed, without costs.